J. H. WHEELER AND G. W. JONES v. FIRST NAT. BANK OF BATTLE CREEK. (1886)

(No. 3820.)

APPEAL from Tarrant County. Opinion by WILLSON, J.

*(Transferred from Austin.)*

HOGSETT & GREEN, counsel for appellant.

ROBT. G. JOHNSON and CUPPS & CANTEY, counsel for appellee.

§ **153.** *Innocent purchaser for value; case stated.* Appellants executed and delivered to one Anderson their two promissory notes. Anderson indorsed said notes to Nichols, Shepard & Co., and before said notes had matured, said Nichols, Shepard & Co. indorsed the same to appellee, and appellee credited the amount thereof on the bank account of said Nichols, Shepard & Co., who then had deposits in the appellee's bank more than sufficient to pay all their liabilities, etc., to said bank. Appellee brought this suit to recover of appellants the amount of said notes. Appellants in due form pleaded failure of consideration, but upon the trial evidence offered by them to prove said plea was rejected, and judg-

ment rendered against them for the amount of said notes, etc.  *Held:* There is but one question to be determined, viz., did appellee obtain the notes under such circumstances as make it an innocent holder thereof, unaffected by any equities that might exist between appellants and Anderson, or Nichols, Shepard & Co.? This question must be answered in the affirmative. It is not questioned that appellee acquired the notes in good faith.  It is insisted, however, that they did not pay value for the same, and are not therefore protected as innocent purchasers. This position is not maintainable.  When the bank placed the purchase price of the notes to the credit of Nichols, Shepard & Co., it thereby parted with value.  Furt‖‖more, the bank thereby altered its position to its detriment by assuming the responsibility of making demand of payment of the makers, and giving notice of non-payment to the indorsers.  By the weight of authority the facts of the case make appellee an innocent holder for value, and it is protected against equities of which it had no notice existing between the other parties to the note. [1 Danl. on Neg. Inst. § 831*b;* R. R. Co. v. Nat. Bank, 102 U. S. 25; Ex parte Richdale, 18 L. R. Chanc. Div. 409; In re Palmer, 51 L. R. Chanc. Div. 462.]

October 30, 1886.                              Affirmed.